IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| ROBERT DUANE CAMPBELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01054-JDB-tmp |
| | ) | |
| STEVE BEAL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER DISMISSING CASE WITHOUT PREJUDICE
AND
ASSESSING $405 CIVIL FILING FEE

On March 13, 2024, the Plaintiff, Robert Duane Campbell, who is incarcerated at the Henderson County Jail in Lexington, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983, as well as a motion to proceed in forma pauperis ("IFP"). (Docket Entry ("D.E.") 1, 2.) However, the IFP affidavit submitted by Plaintiff was not accompanied by a copy of his trust account statement indicating a balance. Therefore, the Court issued an order on March 14, 2024, directing him to either pay the entire filing fee or submit a certified copy of his inmate trust account statement for the last six months. (D.E. 4.)

Plaintiff submitted a letter to the Court on April 17, 2024, stating that he has made two requests for a copy of his trust account and that, once he receives the document, he will forward it to the Court. (D.E. 5.) The Court issued a second order on May 8, 2024, directing him to comply by submitting a copy of his trust account statement. (D.E. 6.)

Plaintiff was warned that, if he failed to comply with the order in a timely manner, the Court would assess the entire $405 filing fee from his inmate trust account without regard to the installment payment procedures and dismiss the action without further notice in accordance with Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id*. at 6.)

Plaintiff has not complied with the May 8, 2024, order and the time for compliance has expired. Therefore, the complaint is hereby DISMISSED without prejudice for failure to prosecute under Rule 41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth,* 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea,* 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Campbell cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from the inmate's trust fund account the sum of $402 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the filing fee, the prison official is instructed to withdraw all the funds in the account and forward them to the Clerk. On each occasion that funds are subsequently credited to Campbell's account, the prison official shall immediately withdraw those funds and forward them to the Clerk until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than $10 unless that amount would constitute the final installment of the filing

fee, provided that any balance under $10 is held in custody for purposes of paying the filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into the inmate's account to bring the balance to $10.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 167 North Main, Suite 242, Memphis, Tennessee 38103

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If he fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court without additional notice or hearing.

The Clerk is DIRECTED to mail a copy of this order to the prison official in charge of prison trust fund accounts and to the administrator of the jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act pertaining to the payment of filing fees.

IT IS SO ORDERED this 24th day of June 2024.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE